Prob 12C

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## SUPERSEDING PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

| | |
|---|---|
| **Offender Name:** | Troy Douglas BRIMM |
| **Docket Number:** | 1:99CR05342-01 |
| **Offender Address:** | 2845 East Hatch Road, Space 90<br>Modesto, California 95351-6859 |
| **Social Security No.:** | 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 |
| **Judicial Officer:** | Honorable Oliver W. Wanger<br>United States District Judge<br>Fresno, California |
| **Original Sentence Date:** | 02/07/2000 |
| **Original Offense:** | 18 USC 1542 - Making False Statement in an Application for a Passport<br>(CLASS C FELONY) |
| **Original Sentence:** | 12-months custody of the Bureau of Prisons (consecutive to 1:96CR05180); 3-year term of supervised release; $100 special assessment |
| **Special Conditions:** | Submit to search; Mental health counseling; Shall participate in a co-payment plan for treatment or testing; May use a computer for employment purposes; however, he is not to access any on-line sites which contain pornographic material or any illegal material; Shall not possess or use any data encryption technique or program; Shall consent to periodic unannounced examinations of his computer(s) equipment; Shall refrain from accessing via computer any "material" that relates to the activity in which he was engaged in committing the instant offense, namely access to pornography of children or others; Shall provide all business/personal phone records to the probation officer upon request; Shall not possess or use a computer that contains an internal modem and/or |

**RE:   Troy Douglas BRIMM**
   **Docket Number:  1:99CR05342-01**
   **SUPERSEDING PETITION FOR WARRANT OR SUMMONS FOR**
   **OFFENDER UNDER SUPERVISION**

possess an external modem; Shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him; Shall participate in sex offender counseling as directed by the probation officer; and Shall not possess pornographic material or frequent places where pornographic material is the chief item of sale.

**Other Court Action:**

**04/14/2004:**   Form 12C Petition filed with the Court this date alleging the offender violated the terms of his supervision. Warrant ordered and issued on April 15, 2004.

| | |
|---|---|
| **Type of Supervision:** | Supervised release |
| **Supervision Commenced:** | 01/16/2003 |
| **Assistant U.S. Attorney:** | Jonathan B. Conklin        **Telephone:** (559) 498-7272 |
| **Defense Attorney:** | Victor M. Chavez             **Telephone:** (559) 487-5562 |

**RE:   Troy Douglas BRIMM**
      **Docket Number:  1:99CR05342-01**
      **SUPERSEDING PETITION FOR WARRANT OR SUMMONS FOR**
      **OFFENDER UNDER SUPERVISION**

---

### PETITIONING THE COURT

**[X]   TO ISSUE A WARRANT**

**[X]   OTHER:** Vacate Form 12C Petition/Warrant Request filed on April 14, 2004, and recall warrant issued on April 15, 2004, pursuant to **U.S. v. Vargas-Amaya**, 389 F.3d 901, 2004 WL 2650821 (9th Cir. 2004).

The probation officer alleges the offender has violated the following condition(s) of supervision:

**Charge Number**     **Nature of Violation**

**Charge 1:**         **FAILURE TO PARTICIPATE IN SEX OFFENDER COUNSELING**

On April 8, 2004, the offender was discharged from the Parent's United Program (group counseling) due to his lack of participation and disruptive behavior, in violation of Special Condition Number 11 which states, "As directed by the probation officer, the defendant shall participate in sex offender counseling."

**Justification:**  On January 16, 2003, Mr. Brimm was released from custody and began his three-year term of supervised release.  During the initial meeting with the probation officer to review the conditions of supervision, Mr. Brimm was instructed to participate in weekly group counseling at Parent's United, a counseling agency in Modesto, California, that specializes in issues of sexual molest.  In addition, on June 19, 2003, the offender was also instructed to begin participating in individual counseling with Dr. Debra Johnson, Ph.D. at Parent's United.

On December 10, 2003, Dr. Debra Johnson contacted the undersigned and advised that Mr. Brimm was not amenable to individual counseling given his resistence to treatment.

**RE:   Troy Douglas BRIMM**
      **Docket Number:  1:99CR05342-01**
      **SUPERSEDING PETITION FOR WARRANT OR SUMMONS FOR**
      **OFFENDER UNDER SUPERVISION**

Dr. Johnson also noted, given his unwillingness to participate in counseling, it was her professional opinion Mr. Brimm was "a high risk to re-offend." However, Dr. Johnson recommended Mr. Brimm's required participation in individual counseling be terminated with the understanding he would continue to participate in weekly group counseling sessions. As a result of Dr. Johnson's recommendation, the offender's required participation in individual counseling was discontinued with the belief no further action was necessary at that time.

On April 6, 2004, the probation officer received a telephone call from Dr. James Kempf, Ed.D., Mr. Brimm's group therapist at Parent's United. Dr. Kempf advised that Mr. Brimm had abruptly left group counseling on April 5, 2004, without explanation or the prior approval of the probation officer. Subsequent correspondence submitted by Dr. Kempf dated April 6, 2004, also described Mr. Brimm's prior participation in group counseling in the following manner;

> "Mr. Brimm attends group therapy in this program on a weekly basis. His attendance is excellent although he received an unexcused absence on April 5, 2004 for leaving group without permission."

> "However, Mr. Brimm does not _participate_ in therapy. He does a weekly introduction in which he labels himself falsely accused. He then either leans against the wall closing his eyes for several seconds at a time or leans onto a chair he places in front of him with his head down. He has never offered any information as to any of his life circumstances, including the circumstances of his numerous sex offense convictions. He does not speak in support of others. In short, he occupies a chair."

Subsequently, as a result of the offender's disruptive behavior, Mr. Brimm was terminated from the Parent's United program on April 8, 2004.

**RE:   Troy Douglas BRIMM**
**Docket Number:  1:99CR05342-01**
**SUPERSEDING PETITION FOR WARRANT OR SUMMONS FOR**
**OFFENDER UNDER SUPERVISION**

**Bail/Detention:**  The offender is currently serving two separate three-year terms of supervised release for Receiving and Distributing Material Involving the Sexual Exploitation of Minors (1:96CR05180) and Making a False Statement in an Application for a Passport (1:99CR05342).  It should be noted, prior to his previous revocation hearing (in 1:96CR05180), Mr. Brimm had absconded from supervision for a period of more than six months and had used various fraudulent passports and identification cards, depicting his photo but under assumed identities, to conceal his true identity (1:99CR05342).  Further, at the time of his apprehension, the offender was employed on a cruise ship, under the name of Jeffrey Judd, which had traveled to various destinations outside the jurisdiction of United States law.

Based on the foregoing, Mr. Brimm does represent a flight risk under the provisions of 18 USC 3143.  He has been resistant to treatment, and as noted by Dr. Johnson, is considered a high risk to re-offend, thereby, a potential risk to the community.  Based on the foregoing, it is recommended when the offender is brought before the Court, he be held without bail until the alleged violation of supervised release is resolved.

**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON:**   January 3, 2005
                   Modesto, California
                   PRH:lr

                              Respectfully submitted,

                              /s/ Phil R. Hendley, Jr.

                         **PHIL R. HENDLEY, JR.**
                         **United States Probation Officer**
                           Telephone:  (209) 574-9429

**REVIEWED BY**:    /s/ Jay D. Craddock
                   **JAY D. CRADDOCK**
                   **Deputy Chief U. S. Probation Officer**

RE: Troy Douglas BRIMM
Docket Number: 1:99CR05342-01
**SUPERSEDING PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

X    The issuance of a warrant    ☐    Bail set at $_____    X  No Bail

☐    The issuance of a summons (copy to Defense Counsel).

X    Other: Vacate Form 12C Petition/Warrant Request filed on April 14, 2004, and recall warrant issued on April 15, 2004, pursuant to **U.S. v. Vargas-Amaya**, 389 F.3d 901, 2004 WL 2650821 (9th Cir. 2004).

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

X    Defendant is ordered detained, to be brought before District Judge forthwith.

☐    Initial appearance and detention hearing before Magistrate Judge.

1/6/2005                                    /s/ OLIVER W. WANGER

Date                                            **Signature of Judicial Officer**

cc:    United States Probation
        Jonathan B. Conklin, Assistant United States Attorney
        United States Marshal

Attachment: PSR (Sacramento only)

Rev.03/2004
PROB12C.MRG

## STATEMENT OF EVIDENCE OF ALLEGED
## SUPERVISED RELEASE VIOLATIONS

Honorable Oliver W. Wanger
United States District Judge
Fresno, California

                              **RE:**    **Troy Douglas BRIMM**
                                            **Docket Number:**    **1:99CR05342-01**

Your Honor:

In addition to a copy of the <u>Probation Form 7A - Conditions of Supervised Release, and Judgment and Commitment Order</u>, the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons For Offender Under Supervision.

**Charge 1:**    **FAILURE TO PARTICIPATE IN SEX OFFENDER COUNSELING**

    **A.  Evidence:**

    Correspondence dated April 6, 2004, wherein Dr. James Kempf, Ed.D. reports Mr. Brimm abruptly left group counseling on April 5, 2004, without explanation or the prior approval of the probation officer.

    Correspondence dated April 8, 2004, wherein Dr. James Kempf, Ed.D. notifies the offender he will no longer be allowed to attend the Parent's United program based on his refusal to participate in the program and as the result of previous program disruptions.

**RE:   Troy Douglas BRIMM**
**        Docket Number:  1:99CR05342-01**

      B.  **Witnesses:**

      Dr. Debra Johnson, Ph.D. and Dr. James Kempf, Ed.D, with the Parent's United Program, will both testify the offender has consistently declined to participate in sex offender treatment.

      Respectfully submitted,

      /s/ Phil R. Hendley, Jr.

      **Phil R. Hendley, Jr.**
      **United States Probation Officer**

**DATED:**   January 3, 2005
            Modesto, California
            PRH:lr

**REVIEWED BY:**   /s/ Jay D. Craddock
                     **JAY D. CRADDOCK**
                     **Deputy Chief United States Probation Officer**

# REVOCATION GUIDE - SUPERVISED RELEASE

**Offender Name:**  Troy Douglas BRIMM          **Docket Number:**  1:99CR05342-01

**Date of original offense:**  07/14/1998

**Original term of supervised release imposed:**  36 **months.**

**Highest grade of violation alleged:**  C

**Criminal History Category of offender:**  III

**Chapter 7 range of imprisonment:**  5 **to** 11 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**  (*choose one below*)

    **Class A felony - 5 years (or stat max of  years if longer).**
    **Class B felony - 3 years**
x   **Class C and/or D felony - 2 years**
    **Class E felony and misdemeanors:  1 year**

**Violation requires mandatory revocation:  YES:     NO:  x.**

**<u>Original offense committed after 09/13/94</u>:**  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the term of imprisonment imposed upon revocation.

## MANDATORY REVOCATION ISSUES

**<u>Original offense committed after 09/13/94</u>:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**<u>Positive/Failed Drug Tests after 11/02/2002</u>:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.