# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**TROY DOUGLAS BRIMM**<br>(Defendant's Name) | **CORRECTED JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **1:99CR05342-001**<br><br>James Homola<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  admitted guilt to violation of charge(s) One, Two and Three  as alleged in the violation petition filed on January 19, 2006 .

[ ]  was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| One | Failure to Submit a Truthful and Complete Written Report Within the First Five Days of Each Month | July 2005 |
| Two | Possession or Use of a Computer or Any Other Device That Has Access to any "On-Line Computer Service" | July 22, 2005 and August 20, 2005 |
| Three | Shall Not View, Read, or Frequent Places With Any Sexually Explicit Material in Any Form That Depicts Children Under the Age of 18 | August 20, 2005 |

The court: [✔] revokes: [ ] modifies: [ ] continues under same conditions of supervision heretofore ordered on  February 7, 2000, and as modified on June 13, 2005  .

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  Charge(s)  __  is/are dismissed.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| | July 5, 2006 |
| | Date of Imposition of Sentence |
| | |
| | /s/ OLIVER W. WANGER |
| | Signature of Judicial Officer |
| | |
| | **OLIVER W. WANGER**, United States District Judge |
| | Name & Title of Judicial Officer |
| | |
| | July 25, 2006 |
| | Date |

CASE NUMBER:     1:99CR05342-001                                          Judgment - Page 2 of 5
DEFENDANT:       TROY DOUGLAS BRIMM

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 1 month, to be served concurrently to U. S. District Court Docket Number 1:96CR05180-001.

The Court also imposes a 7 month term of incarceration wherein the execution of the 7 month sentence is stayed pending the defendant's successful completion of the term of imprisonment in 1:96CR05180-001 and the term of supervised release in case 1:99CR05342-001. Upon successful completion of the above-noted period of incarceration and subsequent term of supervised release, the stayed 7 month period of incarceration will not be imposed.

[ ]     The court makes the following recommendations to the Bureau of Prisons:

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before _ on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.
        If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                                                    _____
                                                                    UNITED STATES MARSHAL

                                                              By    _____
                                                                    Deputy U.S. Marshal

CASE NUMBER:      1:99CR05342-001
DEFENDANT:        TROY DOUGLAS BRIMM

Judgment - Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  30 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

| | |
|---|---|
| [ ] | The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.) |
| [✔] | The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.) |
| [ ] | The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.) |
| [ ] | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.) |
| [ ] | The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.) |

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

3. The defendant shall not possess or use a computer or any other device that has access to any "on-line computer service." This includes any Internet service provider, bulletin board system, or any other public or private computer network, except for use with his employment and after the approval of the probation officer.

4. The defendant shall have no contact socially with children under the age of 18 unless approved by the probation officer in advance. "No contact" means no contact in any form either direct or indirect personally, by telephone, letter or through another person. The defendant is not to loiter within 100 feet of school yards, child care facilities, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any occupation, either paid or volunteer, which exposes him directly or indirectly with children under the age of 18.

5. The defendant shall (a) consent to the probation officer and /or probation service representative conducting periodic unannounced examinations of any computer equipment or device that has an internal or external modem which may include retrieval and copying of all data from the computer or device and any internal or external peripherals to ensure compliance with conditions and/or removal of such equipment for purposes of conducting a more thorough inspection; and (b) consent at the direction of the probation officer to having installed on the computer or device, at defendant's expense, any hardware or software systems to monitor the computer or device's use.

6. The defendant shall not possess, own, use, view, read or frequent places with any sexually explicit material in any form that depicts children under the age of 18. Sexually explicit conduct is defined at 18 USC 2246(2)(A)(B)(C)(D) and 18 USC 2256(2) and means actual or simulated (a) sexual intercourse, including genital- genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person under the age of 18.

7. The defendant shall provide all requested business/personal phone records to the probation officer. The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers. The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

8. The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him/her. This includes any activities in which you are acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

9. The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program (which may include, but is not limited to risk assessment, polygraph examination, computer voice stress analysis (CVSA), penile plethysmograph and/or ABEL assessment) as approved and directed by the probation officer and as recommended by the assigned treatment provider.

10. The defendant shall register and comply with requirements in the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student.

11. The defendant shall not possess or use any data encryption technique or program of any kind including, but not limited to, software, hardware, programming codes, chips, and circuit boards.

12. The defendant shall not frequent adult bookstores, massage parlors, topless bars, sex shops, or "cruising" areas, nor shall the defendant possess or view any material (i.e., magazines, books, photographs, advertisements) that are sexually explicit.

13. The defendant shall not possess children's clothing, toys, games, stuffed animals or other "lures" including law enforcement identifications, insignias, badges, patches, uniforms, or any other item(s) associated with law enforcement without prior approval of the probation officer.

14. The defendant shall not possess photographic equipment, audio/visual equipment or any item capable of producing a visual image without prior approval of the probation officer.

15. The defendant shall not have access to, control of, or possess a post office box or mail receptacle, storage facility or locker without prior approval of the probation officer.