Prob 12C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA



FILED

APR 2 4 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
  DEPUTY CLERK

SUPERSEDING PETITION FOR WARRANT OR SUMMONS FOR
OFFENDER UNDER SUPERVISION
(This Petition Supersedes Petition Filed on March 6, 2007)

**Offender Name:** Troy Douglas BRIMM

**Docket Number:** 1:99CR05342-01

**Offender Address:** Modesto, California

**Judicial Officer:** Honorable Oliver W. Wanger
Senior United States District Judge
Fresno, California

**Original Sentence Date:** 02/07/2000

**Original Offense:** 18 USC 1542 - Making False Statement in an Application for a Passport
(CLASS C FELONY)

**Original Sentence:** 12-months custody of the Bureau of Prisons (consecutive to 1:96CR05180); 3-year term of supervised release; $100 special assessment.

**Special Conditions:** Submit to search; Mental health counseling; Shall participate in a co-payment plan for treatment or testing; May use a computer for employment purposes; however, he is not to access any on-line sites which contain pornographic material or any illegal material; Shall not possess or use any data encryption technique or program; Shall consent to periodic unannounced examinations of his computer(s) equipment; Shall refrain from accessing via computer any "material" that relates to the activity in which he was engaged in committing the instant offense, namely access to pornography of children or others; Shall provide all business/personal phone records to the probation officer upon request; Shall not possess or use a computer that contains an internal modem and/or

Rev.04/2005
PROB12C.MRG

**RE:   Troy Douglas BRIMM**
  Docket Number:  1:99CR05342-01
  **SUPERSEDING PETITION FOR WARRANT OR**
  **SUMMONS FOR OFFENDER UNDER SUPERVISION**

possess an external modem; Shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him; Shall participate in sex offender counseling as directed by the probation officer; and Shall not possess pornographic material or frequent places where pornographic material is the chief item of sale.

| | |
|---|---|
| **Type of Supervision:** | Supervised release |
| **Supervision Commenced:** | 11/06/2006 (Supervised release re-commences after revocation)<br>01/16/2003 (Original term of supervised release commenced) |
| **Assistant U.S. Attorney:** | Sherrill Carvalho       **Telephone:** (559) 497-4000 |
| **Defense Attorney:** | James R. Homola (Appointed)       **Telephone:** (559) 441-7111 |

**Other Court Action:**

**04/14/2004:** Form 12C Petition filed with the Court this date alleging the offender violated the terms of his supervision. Warrant ordered and issued on April 15, 2004.

**01/10/2005:** Superseding Form 12C Petition filed with the Court to conform with **U.S. v. Vargas-Amaya,** 389 F.3d 901, 2004 WL2650821 (9th Cir. 2004). No changes made to the violation conduct previously reported to the Court.

**04/12/2005:** Bench warrant executed.

**04/13/2005:** Initial appearance before Duty Magistrate Judge Dennis L. Beck. Charges denied. Detention Hearing set for April 18, 2005. Status conference set for April 25, 2005, before the Honorable Robert E. Coyle. Offender remained in custody.

Rev.04/2005
PROB12C.MRG

RE:     **Troy Douglas BRIMM**
        **Docket Number:   1:99CR05342-01**
        **SUPERSEDING PETITION FOR WARRANT OR**
        **SUMMONS FOR OFFENDER UNDER SUPERVISION**

**04/18/2005:**        Detention Hearing continued to April 22, 2005.

**04/22/2005:**        Detention Hearing before the Duty Magistrate. Offender ordered released from custody. The defendant shall comply with the conditions of home detention pending the resolution of the revocation proceedings.

**04/25/2005:**        Status conference before the Honorable Oliver W. Wanger. The offender admitted to the charged violation conduct noted on the Superseding Form 12C Petition filed with the Court on January 10, 2005. Matter continued to June 13, 2005, for sentencing.

**06/13/2005:**        Supervised release reinstated and continued to January 12, 2007, under the following modified terms of supervised release: Submit to search; Participate in a co-payment plan for treatment or testing of up to $25 per month; Not possess or use a computer or any other device that has access to any "on-line computer service." This includes any Internet service provider, bulletin board system, or any other public or private computer network, except for use with his employment and after the approval of the probation officer; Have no contact with children under the age of 18 unless approved by the probation officer in advance. "No Contact" means no contact in any form, either direct or indirect, personally, by telephone, letter, or through another person. The defendant is not to loiter within 100 feet of school yards, child care facilities, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any occupation, either paid or volunteer, which exposes him directly or indirectly with children under the age of 18; Consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of any computer equipment or device that has an internal or external modem which may include retrieval and copying of all data from the computer or device to ensure compliance with conditions; Not possess, own, use, view, read or frequent places with any sexually explicit material in any form that depicts children under the age of 18; Provide all requested business/personal phone records

RE:     **Troy Douglas BRIMM**
        **Docket Number:   1:99CR05342-01**
        **SUPERSEDING PETITION FOR WARRANT OR**
        **SUMMONS FOR OFFENDER UNDER SUPERVISION**

|  |  |
|---|---|
| | to the probation officer; Consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed; Attend, cooperate with, and actively participate in a sex offender treatment and therapy program as approved and directed by the probation officer and as recommended by the assigned treatment provider; Shall register and comply with requirements in the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student; Not possess or use any data encryption technique or program of any kind including, but not limited to, software, hardware, programming codes, chips, and circuit boards; Shall not frequent adult bookstores, massage parlors, topless bars, sex shops, or "cruising" areas, nor shall the defendant possess or view any material that are sexually explicit; Not possess children's clothing, toys, games, stuffed animals or other "lures" including law enforcement identifications, without prior approval of the probation officer; Shall not possess photographic equipment, audio/visual equipment or any item capable of producing a visual image without the approval of the probation officer; and shall not have access to, control of, or possess a post office box or mail receptacle, storage facility or locker without prior approval of the probation officer. |
| **01/19/2006:** | Form 12C Petition filed with the Court this date alleging the offender violated the terms of his supervision. Warrant ordered and issued on January 10, 2006, and filed as a detainer (offender in state custody). |
| **05/18/2006:** | Released from state custody. Bench warrant executed. |
| **05/24/2006:** | Initial appearance before Duty Magistrate Judge Sandra M. Snyder. Charges denied. Status conference set for May 30, 2006, before Honorable Judge Oliver W. Wanger. Offender to remain in custody. |
| **05/30/2006:** | Status conference continued to June 5, 2006. |
| **06/05/2006:** | Status conference before Honorable Judge Oliver W. Wanger. The offender admitted to the charged violation conduct noted |

Rev.04/2005
PROB12C.MRG

**RE: Troy Douglas BRIMM**
**Docket Number: 1:99CR05342-01**
**SUPERSEDING PETITION FOR WARRANT OR**
**SUMMONS FOR OFFENDER UNDER SUPERVISION**

on the Form 12C Petition filed with the Court on January 10, 2006. Matter continued to July 5, 2006, for sentencing.

**07/05/2006:** Sentencing on the violation conduct. Offender ordered to serve 1 month in custody (to be served concurrently to U.S. District Court Docket Number 1:96CR05180-01). Court also imposes a 7-month term of incarceration wherein the execution of the 7 month sentence is stayed pending the defendant's successful completion of the above-noted period of incarceration and subsequent term of supervised release, the 7-month stayed period of incarceration will not be imposed. Incarceration to be followed by 30-months supervised release with special conditions that include: Submit to search; Participate in a co-payment plan for treatment or testing of up to $25 per month; Not possess or use a computer or any other device that has access to any "on-line computer service"; This includes any Internet service provider, bulletin board system, or any other public or private computer network, except for use with his employment and after the approval of the probation officer; Have no contact with children under the age of 18 unless approved by the probation officer in advance. "No Contact" means no contact in any form, either direct or indirect, personally, by telephone, letter, or through another person. The defendant shall not loiter within 100 feet of school yards, child care facilities, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any occupation, either paid or volunteer, which exposes him directly or indirectly with children under the age of 18; Consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of any computer equipment or device that has an internal or external modem which may include retrieval and copying of all data from the computer or device to ensure compliance with conditions; Not possess, own, use, view, read or frequent places with any sexually explicit material in any form that depicts children under the age of 18; Provide all requested business/personal phone records to the probation officer; Consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are

RE: **Troy Douglas BRIMM**
    Docket Number: **1:99CR05342-01**
    **SUPERSEDING PETITION FOR WARRANT OR**
    **SUMMONS FOR OFFENDER UNDER SUPERVISION**

|  |  |
|---|---|
|  | imposed; Attend, cooperate with, and actively participate in a sex offender treatment and therapy program as approved and directed by the probation officer and as recommended by the assigned treatment provider; Shall register and comply with requirements in the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student; Not possess or use any data encryption technique or program of any kind including, but not limited to, software, hardware, programming codes, chips, and circuit boards; Shall not frequent adult bookstores, massage parlors, topless bars, sex shops, or "cruising" areas, nor shall the defendant possess or view any material that are sexually explicit; Not possess children's clothing, toys, games, stuffed animals, or other "lures" including law enforcement identifications, without prior approval of the probation officer; Shall not possess photographic equipment, audio/visual equipment or any item capable of producing a visual image without the approval of the probation officer; and shall not have access to, control of, or possess a post office box or mail receptacle, storage facility or locker without prior approval of the probation officer. |
| **03/06/2007:** | Form 12C Petition filed with the Court this date alleging the offender violated the terms of his supervision. Arrest warrant issued. |
| **03/15/2007:** | Detention hearing before Duty Magistrate Judge Sandra M. Snyder, following the offender's self-surrender to the United States Marshal's Office. Charges denied. Court orders offender released on bond and shall comply with the conditions of home detention with the electronic monitor pending resolution of the revocation proceedings. All other previously imposed conditions remain in full force and effect. Matter continued for status hearing on March 22, 2007, at 1:30 p.m., before Duty Magistrate Judge Dennis Beck. |
| **03/22/2007:** | Defense counsel appointed. Status hearing continued to April 5, 2007, at 1:30 p.m. |

RE:   Troy Douglas BRIMM
      Docket Number:   1:99CR05342-01
      SUPERSEDING PETITION FOR WARRANT OR
      SUMMONS FOR OFFENDER UNDER SUPERVISION

| | |
|---|---|
| **04/05/2007:** | Status conference set for April 24, 2007, before Your Honor. Offender to remain on home detention with the electronic monitor and comply with all other previously imposed conditions. |

## PETITIONING THE COURT

[x]   TO ISSUE A WARRANT

The probation officer alleges the offender has violated the following conditions of supervision:

**Charge Number**     **Nature of Violation**

**Charge 1:**   **POSSESSION OR USE OF A COMPUTER OR ANY OTHER DEVICE THAT HAS ACCESS TO ANY "ON-LINE COMPUTER SERVICE"**

On or about February 1 through February 7, 2007, the offender used a computer with access to an "on-line computer service" at his place of employment, Flying Turtle Cast Concrete, without the permission of the probation officer, in violation of Special Condition Number 3 which states, "The defendant shall not possess or use a computer or any other device that has access to any "on-line computer service." This includes any Internet service provider, bulletin board system, or any other public or private computer network, except for use with his employment and after the approval of the probation officer."

**Charge 2:**   **FAILURE TO SUBMIT A TRUTHFUL AND COMPLETE WRITTEN REPORT WITHIN THE FIRST FIVE DAYS OF EACH MONTH**

During November and December 2006, and January and February 2007, Mr. Brimm failed to report on his monthly supervision report his regular contact with Rick McDonald, a

RE:     Troy Douglas BRIMM
        Docket Number:   1:99CR05342-01
        **SUPERSEDING PETITION FOR WARRANT OR**
        **SUMMONS FOR OFFENDER UNDER SUPERVISION**

convicted felon who has a criminal record. In addition, during February 2007, Mr. Brimm failed to report on his monthly supervision report that he obtained new employment with Fat Cat, nor did he report or provide proof of earnings from this employment, all in violation of Standard Condition Number 2 which states, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."

## Charge 3:     FAILURE TO NOTIFY THE PROBATION OFFICER TEN DAYS PRIOR TO ANY CHANGE IN RESIDENCE OR EMPLOYMENT

On February 23, 2007, the offender began working at the Fat Cat night club; however, he did not report his new employment to the probation officer until March 16, 2007, in violation of Standard Condition Number 6 which states, "The defendant shall notify the probation officer ten days prior to any change in residence or employment."

## Charge 4:     ASSOCIATION WITH A CONVICTED FELON WITHOUT THE PERMISSION OF THE PROBATION OFFICER

From November 11, 2006, through February 18, 2007, the offender had both personal and telephone contact with Rick McDonald, a convicted felon currently being supervised by the Department of Corrections Parole and Community Services Division, without the permission of the probation officer, in violation of Standard Condition Number 9 which states, "The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer

RE: Troy Douglas BRIMM
Docket Number: 1:99CR05342-01
SUPERSEDING PETITION FOR WARRANT OR
SUMMONS FOR OFFENDER UNDER SUPERVISION

**Charge 5:** **POSSESSION OR USE OF A COMPUTER OR ANY OTHER DEVICE THAT HAS ACCESS TO ANY "ON-LINE COMPUTER SERVICE"**

From November 23, 2006 through March 2, 2007, the offender used a computer with access to an "on-line computer service" to access at least 200 internet sites without the permission of the probation officer, in violation of Special Condition Number 3 which states, "The defendant shall not possess or use a computer or any other device that has access to any "on-line computer service." This includes any Internet service provider, bulletin board system, or any other public or private computer network, except for the use with his employment and after the approval of the probation officer."

**Justification:** On February 7, 2007, this officer received written correspondence from Mr. Brimm indicating he had accepted a full-time position with Flying Turtle Cast Concrete on January 31, 2007, that involved daily use of internet service and e-mail. Mr. Brimm acknowledged in his correspondence that he "jumped the gun on this one . . ." meaning he was working for a business, daily accessing the internet and e-mail, without having prior permission from the probation officer.

Accompanied by a senior probation officer, this officer went to Mr. Brimm's place of employment on the afternoon of February 7, 2007. We both observed the offender working on a Flying Turtle business computer. When asked if the computer he was working on had an internet service provider, Mr. Brimm admitted that both of the office computers had internet and e-mail service, including the one he was working on. Mr. Brimm was advised that he did not have the probation officer's permission to work on any computers with internet access for this company. It should be noted, Mr. Brimm had previously reported to the probation officer that his work for this company would be completed on his personal computer at his residence, which did not involve the use of the internet. It had also been confirmed by the owner of Flying Turtle, that any work the offender would be preparing for the company, scheduling, etc., would be completed at the offender's residence and not involve the use of the internet.

RE: **Troy Douglas BRIMM**
    Docket Number: **1:99CR05342-01**
    SUPERSEDING PETITION FOR WARRANT OR
    <u>SUMMONS FOR OFFENDER UNDER SUPERVISION</u>

When the owner of Flying Turtle Cast Concrete was contacted on February 7, 2007, he indicated his working arrangement with Mr. Brimm offsite was not working out. The offender's employer stated he had advised Mr. Brimm he would be needed to work onsite but denied he ever gave the offender an ultimatum to begin work by a certain date or lose his job. The owner also reported that the offender was not doing any internet work for him. When the company owner was advised Mr. Brimm had just told us he used the internet and email daily, the owner expressed surprise and reiterated that it was not necessary for the offender to have access to the internet to complete his current job functions with Flying Turtle Cast Concrete.

On December 19, 2006, a routine computer search was conducted at Mr. Brimm's residence to determine his compliance with the terms of his supervision. The offender's computer, which contained two hard-drives, a thumb drive, and an MP3 player were collected for further forensic examination when it was discovered the offender had some questionable material on his hard-drives. Again on March 21, 2007, the offender's two hard-drives were collected from his home computer for another routine review for compliance. It was suspected the offender had additional hard-drives at his residence that he wasn't producing. A return visit was made to Mr. Brimm's residence on March 23, 2007, and the offender had two additional hard-drives installed in his computer tower. Mr. Brimm was directed to surrender all hard-drives in his possession. He provided one additional hard-drive that he obtained from his closet, a Memorex "thumb-drive," and electronic Rolodex. All of the above-noted items and hard-drives were subjected to a computer forensic exam by a Detective assigned to the Hi-Tech Crimes Unit, and then copied for this officer to do further review. Mr. Brimm has thousands upon thousands of items stored on the five hard-drives. Upon reviewing these hard-drives, it has become very apparent the offender has actively been using the internet since originally releasing on supervised release back in 1998.

**Bail/Detention:** Mr. Brimm is currently serving two separate terms of supervised release for Receiving and Distributing Material Involving the Sexual Exploitation of Minors (1:96CR05180) and Making a False Statement in an Application for a Passport

RE:  **Troy Douglas BRIMM**
     **Docket Number:   1:99CR05342-01**
     **SUPERSEDING PETITION FOR WARRANT OR**
     **SUMMONS FOR OFFENDER UNDER SUPERVISION**

(1:99CR05342). It should be noted, prior to his initial revocation hearing (in 1:96CR05180), Mr. Brimm had absconded from supervision for a period of more than six months and had used various fraudulent passports and identification cards, depicting his photo but under assumed identities, to conceal his true identity (1:99CR05342). Further, at the time of his apprehension, the offender was employed on a cruise ship, under the name of Jeffrey Judd, and had traveled to various destinations outside the jurisdiction of United States law. In addition, during the course of a recent forensic examination of the offender's home computer, it was discovered the offender was still in possession of a number of documents including letterhead, resume, passport photo, and a scanned signature all in the name of Jeff Judd, the alias the offender used when he absconded from federal supervision in 1998. The offender claims he has kept these documents because he is a "pack rat." In addition, the offender has the scanned signature of at least three other individuals stored in his computer. This officer has verified the offender is in the process of purchasing beach front property in the Dominican Republic. One of the scanned signatures located in Mr. Brimm's computer files belongs to Jack Kornbluth, the President of Lot-Rin Corporation, the company from whom Mr. Brimm is purchasing the property.

Based on the foregoing, Mr. Brimm does represent a flight risk under the provisions of 18 USC 3143. Further, based on findings noted in a Psychosexual Assessment completed on Mr. Brimm by Dr. Carol H. Atkinson, Ph.D. on July 11, 2005, coupled with the offender's alleged supervised release violation conduct noted in the Superseding Form 12C Petition, Mr. Brimm is considered at high risk to re-offend, thereby, a potential risk to the community. Based on the foregoing, it is recommended when the offender is brought before the Court, he be held without bail until the alleged violations of supervised release are resolved.

**RE:**   **Troy Douglas BRIMM**
         **Docket Number:   1:99CR05342-01**
         **SUPERSEDING PETITION FOR WARRANT OR**
         **SUMMONS FOR OFFENDER UNDER SUPERVISION**

**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON:**   April 20, 2007
                    Modesto, California
                    SKD/lr

                         Respectfully submitted,
                         /s/ Sandra K. Dash
                         **SANDRA K. DASH**
                         **United States Probation Officer**
                         Telephone: (209) 549-2817

**REVIEWED BY:**   /s/ Casey Horner, Sr. for
                   **DEBORAH A. SPENCER**
                   **Supervising United States Probation Officer**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

(X)  ~~The issuance of a warrant~~     ( ) Bail set at $ __     (X) ~~No Bail~~

( )  The issuance of a summons (copy to Defense Counsel).

( )  Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

(X)  Defendant is ordered ~~detained~~ released on home detention w/ electronic monitoring, to be brought before District Judge forthwith.
     Hearing on 6/11/07 at 1:30pm
( )  Initial appearance and detention hearing before Magistrate Judge.

4-23-07
**Date**                                **Signature of Judicial Officer**

Rev.04/2005
PROB12C.MRG