Carolyn D. Phillips # 103045
Attorney at Law
P.O. Box 5622
Fresno, CA 93755-5622
(559) 248-9833

Attorney for defendant TROY DOUGLAS BRIMM

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1:96CR05180-001 OWW |
| ) | No. 1:99CR5342 OWW |
| ) | |
| Plaintiff, ) | ORDER |
| ) | GRANTING DEFENDANT'S |
| v. ) | REQUEST FOR SENTENCE |
| ) | MODIFICATION |
| TROY DOUGLAS BRIMM, ) | |
| ) | |
| _____ Defendant.\_\_ _____) | |

On March 12, 2009 defendant Troy Brimm, following an unsuccessful appeal to the Ninth Circuit Court of Appeals, requested a Post-Mandate Hearing before this Court to reconsider the seven-month sentenced imposed by this Court November 20, 2007. A hearing was held April 6, 2009 during which Mr. Brimm was given an opportunity to file supplemental briefs on the issue of sentence modification. A hearing was held May 18, 2009 in which the Court requested further briefing regarding the reason the Court had sentenced Mr. Brimm to a seven-month sentence given the

Court's stated intention to give Mr. Brimm full credit for the 8 months he had been on home confinement preceding the November 20, 2007 sentencing.

After the parties filed additional briefing, a hearing was held May 26, 2009, during which the Court explored whether a mistake had been made in the length of the sentence imposed and questions were raised as to the number of months Mr. Brimm had been in home confinement prior to the November 20, 2007 sentencing.  In that regard the Court requested defendant Brimm to present to the government evidence as to the length of time he served on home detention and identify in the sentencing transcripts evidence to show that the court made a mistake at the time of sentencing, *i.e.*, the net credit for home confinement exceeded the five months granted by the court.

On September 28, 2009, the parties agreed that by the time of the November 20, 2007 sentencing hearing Mr. Brimm had actually served eight not five months of home detention.  Given that the total number of months was eight instead of five months, defendant Brimm's position was that the sentence should have been 3-4 months, (12 or 11 months less 8 months of home detention.)

The Court having heard and considered the evidence and arguments of each party finds that the sentence of seven months of custody imposed by the Court on November 20, 2007 did not reflect the Court's intention to sentence defendant to six months.

IT IS HEREBY ORDERED that defendant's motion to modify his sentence be GRANTED, the previously imposed sentence shall be modified to a net term of SIX MONTHS.  The Bureau of Prisons shall be contacted and advised that pursuant to 18

*Order Granting Defendant's Request for Sentencing Modification, U.S. v. Brimm, No. 1:96CR05180-001 OWW*

2

PDF created with pdfFactory trial version www.pdffactory.com

U.S.C. section 3582(c) exceptional circumstances exist which require modification of the sentence.

Dated:    October 28, 2009         /s/ OLIVER W. WANGER
                                   OLIVER W. WANGER
                                   U.S. District Judge

*Order Granting Defendant's Request for Sentencing Modification, U.S. v. Brimm, No. 1:96CR05180-001 OWW*

3

PDF created with pdfFactory trial version www.pdffactory.com